UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THE ELEANORA J. DIETLEIN TRUST; et al.,

    Plaintiffs,

v.

AMERICAN HOME MORTGAGE INVESTMENT CORP.; et al.,

    Defendants.

3:11-cv-0719-LRH-VPC

ORDER

Before the court is defendants American Home Mortgage Servicing, Inc. ("AHMSI") and WL Ross & Co LLC's ("WL Ross") motion to dismiss. Doc. #3.[1] Plaintiffs the Eleanora J. Dietlien Trust ("Trust"), Derek Neumann, and Gina Neumann ("the Neumanns") (collectively "plaintiffs") filed an opposition (Doc. #6) to which moving defendants replied (Doc. #8).

**I.  Facts and Procedural History**

Non-parties Max and Gail Lopez-Gonzalez ("the Lopez-Gonzalezes") are former owners of the real property at issue in this action. In July, 2005, the Lopez-Gonzalezes refinanced the property through a mortgage note and deed of trust originated by non-party H&R Block Mortgage Company ("H&R"). Defendant AHMSI is the mortgage servicer on the original note.

---

[1] Refers to the court's docket entry number.

1  In November, 2006, the Lopez-Gonzalezes borrowed additional funds from the Trust which
2  was secured by a junior deed of trust. The Lopez-Gonzalezes defaulted on the junior loan and the
3  Trust initiated non-judicial foreclosure proceedings. At the trustee's sale, the Trust purchased the
4  property subject to the senior deed of trust serviced by AHMSI. The Trust then informed AHMSI of
5  its ownership of the property and its succession to the first deed of trust. After acquiring the
6  property, the Trust rented it to the Neumanns.
7  On May 25, 2011, defendants initiated non-judicial foreclosure proceedings on the property.
8  Subsequently, plaintiffs filed a complaint against defendants alleging five causes of action:
9  (1) wrongful foreclosure; (2) breach of contract; (3) negligent infliction of emotional distress;
10 (4) breach of the implied covenants of good faith and fair dealing; and (5) unjust enrichment.
11 Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motion to dismiss. Doc. #3.

12 **II.   Legal Standard**

13 Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to
14 state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a
15 claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading
16 standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That
17 is, a complaint must contain "a short and plain statement of the claim showing that the pleader is
18 entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require
19 detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a
20 formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.
21 Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
22 Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
23 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
24 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
25 the court to draw the reasonable inference, based on the court's judicial experience and common
26

1  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
2  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
3  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
4  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
5  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

6  In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.
7  *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the
8  elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*,
9  572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal
10 quotation marks omitted). The court discounts these allegations because "they do nothing more than
11 state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.*
12 (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-
13 conclusory 'factual content,' and reasonable inferences from that content, must be plausibly
14 suggestive of a claim entitling the plaintiff to relief." *Id*.

15 **III.    Motion to Dismiss**
16    **A.  WL Ross**
17  As alleged in the complaint, defendant WL Ross did not take any action in foreclosing on
18 the underlying property or engage in any of the underlying claims. Rather, WL Ross is listed solely
19 as AHSMI's parent company. However, there are no allegations that support holding WL Ross
20 liable for AHSMI's actions. Therefore, the court shall grant defendants' motion and dismiss WL
21 Ross as a defendant in this action.

22    **B.  Wrongful Foreclosure**
23  An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the
24 plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*,
25 662 P.2d 610, 623 (Nev. 1983). Here, AHMSI argues that plaintiffs were in default of the original
26

3

mortgage note because the property did not have adequate insurance, which is a matter entirely within AHMSI's discretion to determine under the deed of trust. *See* Doc. #3. However, taking the allegations in the complaint as true, plaintiffs have alleged that they are not in default on the property because they had adequate insurance under the deed of trust and provided proof of that insurance to AHMSI. Therefore, the court finds that plaintiffs have sufficiently alleged a claim for wrongful foreclosure.

### C. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In their complaint, plaintiffs allege that the Trust is the successor in interest to the mortgage note and first deed of trust on the property as a result of its foreclosure on the Lopez-Gonzalezes' property. As the successor in interest, plaintiffs allege that they are bound by all obligations under the deed of trust, including the insurance requirement that AHMSI is relying on for its foreclosure. Further, plaintiffs allege that the Trust has attempted to contact AHMSI multiple times regarding the change in ownership on the property and has been making the necessary mortgage payments. Thus, plaintiffs allege that there is a valid assumed contract between the parties that was breached by AHMSI. Therefore, the court finds that plaintiffs have sufficiently alleged a claim for breach of contract.

### D. Negligent Infliction of Emotional Distress

A plaintiff can recover for negligent infliction of emotional distress if he (1) is a bystander closely related to the victim of an accident, (2) is located near the scene of the accident, and (3) suffers a shock resulting from direct emotional impact stemming from the sensory and contemporaneous observance of the accident. *See Crippens v. Sav on Drug Stores*, 961 P.2d 761,

4

762 (Nev. 1998).

In its motion, AHMSI contends that the Neumanns' claim for negligent infliction of emotional distress should be dismissed because they were not a bystander to, but a direct victim of, AHMSI's alleged negligent acts. *See* Doc. #3. However, in Nevada, a direct victim of a defendant's negligent acts can recover for negligent infliction of emotional distress. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) ("If a bystander can recover for the negligent infliction of emotional distress, it is only logical that the direct victim be permitted the same recovery. . . . We recognize that the negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff."). Therefore, the court finds that plaintiffs have sufficiently pled a claim for negligent infliction of emotional distress.

### E. Breach of Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, plaintiffs allege that AHMSI breached the implied covenants of good faith and fair dealing by abusing its discretion in determining that there was not adequate insurance on the property solely to initiate non-judicial foreclosure proceedings when in fact the property was covered by standard property insurance. The court finds that these allegations are sufficient to state a claim for breach of the implied covenants of good faith and fair dealing.

**F. Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995).

In the complaint, plaintiffs allege that they have paid several years worth of mortgage payments to AHMSI under a mortgage note and deed of trust that AHMSI now contends that they were under no obligation to pay because they were not parties to the original mortgage note and deed of trust despite AHMSI's reliance on the deed of trust's insurance provision to initiate non-judicial foreclosure proceedings. Based on the allegations in the complaint, the court finds that plaintiffs have sufficiently alleged a claim for unjust enrichment.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #3) is GRANTED in-part and DENIED in-part in accordance with this order. Defendant WL Ross & Co LLC is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE