UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE ELEANORA J. DIETLEIN TRUST, DEREK NEUMANN AND GINA NEUMANN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE INVESTMENT CORP., et al.,<br><br>Defendants. | Case No.  3:11-CV-0719-LRH (VPC)<br><br>ORDER |

Before the court is the motion of plaintiffs, the Eleanora J. Dietlein Trust, Derek Neumann and Gina Neumann ("plaintiffs") for recusal under 28 U.S.C. § 455(a) (#44). Co-trustees and interested parties William Dietlein and Nora Dietlein Christensen ("co-trustees") opposed (#s 58 & 59), and plaintiffs did not rely.

### I. Procedural Background

Plaintiffs originally filed this action on September 12, 2011, and defendants, American Home Mortgage Servicing, Inc. and WL Ross & Co. LLC,  removed it to this court on October 5, 2011 (#1).  The chronology of the case relevant to plaintiffs' motion to recuse concerns a January 10, 2013,  settlement conference in which the parties purportedly settled the case (#29). The court ordered the parties to submit a stipulation to dismiss the case with prejudice no later than April 17, 2013.  *Id.*  The parties never did so, and for unexplained reasons, the matter did not come to the court's attention until January 3, 2014.

On January 3, 2014, Mr. Wilson, counsel for one of the interested parties and a co-trustee, telephoned the court's chambers (#59; Decl. of Gregory Wilson). Mr. Wilson attests the purpose of his call to chambers was to inquire of the court's judicial assistant about the status of the case. *Id.* As Mr. Wilson's declaration reports, court staff had left for the day, and Judge Cooke answered the telephone. *Id.* Mr. Wilson's declaration correctly recounts the conversation, which was to inquire about the status of the settlement of the case. *Id.*

The court reviewed the docket sheet, which confirmed that although the case had been settled in January 2013, the parties had never submitted the stipulation and order dismissing the case with prejudice. Therefore, on January 6, 2014, the court issued a minute order noting that the stipulation had not been filed and directing the parties either to file the stipulation to dismiss the case by January 24, 2014; otherwise, the court scheduled a status hearing on January 27, 2014 (#31). The status hearing proceeded because the parties failed to file the stipulation.

At the January 27, 2014 status hearing, the court recited the chronology of the case and then reported to counsel what precipitated the minute order (#31) and the hearing:

> The Court: And, interestingly, the reason - and I'm just disclosing this because this is unusual. Mr. Wilson called chambers, I don't know, right before New Years, or something, sir? Do you recall when it was?
>
> Mr. Wilson: It was the first week of January, a Friday afternoon.
>
> The Court: Right. And so no one was in - thank you, sir. No one was in chambers except me. And so I answered the phone. And it was Mr. Wilson.
>
> And so I turned my computer back on. And he was telling me about this. And, you know, he was not a party to the case at the time. And so I went back on my computer.
>
> And he said, you know, there's this settlement, and, you know, I represent these other people who have an interest in this and who weren't privy to the settlement.

2

> And so I said oh, well, hmm. And so I thanked Mr. Wilson. And then on Monday I, sure enough, looked at everything. And then I sent out a minute order setting today's conference because I wanted to know what the heck was going on in this case.

Transcript of January 24, 2014 hearing, pages 9, lines 13-25; 10:1-8 (#38).

It is the court's ex parte telephone conversation on January 3, 2014 that is the basis of plaintiffs' motion to recuse.

## II.  Discussion and Analysis

Recusal is governed by 28 U.S.C. §§ 144 and 455.  Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice exists.  *See* 28 U.S.C. § 144.[1]  The standard for recusal under sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.  *Id*.  The challenged judge should rule on the legal sufficiency of the recusal motion in the first instance *Id*. at 940.

Canon 3A(4)(b) of the Code of Conduct for United States Judges specifically addresses plaintiffs' concern:

> (4)   A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.  Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communication concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.   If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.  A judge may:
>
> * * * * *

---

[1] Plaintiffs' motion is not supported by an affidavit.

3

> (b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

As Canon 3A(4)(b) explains, an ex parte communication is permissible for administrative purposes that do not concern substantive matters, and the judge reasonably believes no party will gain a procedural, substantive, or tactical advantage. Such is the case here. Mr. Wilson clearly intended to speak with court staff to inquire about the status of a pending case, but the judge answered the call instead, as chambers staff had left for the afternoon. Mr. Wilson's phone call was purely for administrative purposes, and there was no substantive discussion about the case at all. Mr. Wilson reported the status of the settlement and did disclose he represented an interested party or parties, but nothing more. The court reviewed the docket sheet, which confirmed that the stipulation to dismiss the case had never been submitted, so on the following business day, the court issued a minute order directing the parties to file the stipulation to dismiss the case or to appear at a status conference.

Had court staff answered Mr. Wilson's call, the result would have been the same, and Mr. Wilson's inquiry was nothing more or less than a communication about an administrative matter in a pending case. When the parties did not submit the stipulation to dismiss, the court held a hearing shortly thereafter so the parties could report on the status of the settlement agreement. The court then reported its conversation with Mr. Wilson on the record at the hearing.

Plaintiffs also cite the court's comments at the January 24, 2014 hearing as a further basis for recusal. See motion for recusal (#44) at page 2, lines 13-17. Plaintiffs take these comments out of context. As the transcript of the hearing accurately reflects, the court's comments had nothing to do with the January 3, 2014 telephone conference with Mr. Wilson; rather, the comments concerned papers filed subsequent to the notice of the hearing. See #s 32, 35, 36, & 37.

### III. Conclusion

The court has considered plaintiffs' motion, and concludes that the ex parte conversation with Mr. Wilson on January 3, 2014 is not a basis for recusal for the reasons stated in this order. Plaintiffs' motion for recusal (#44) is **DENIED**.

DATED: March 7, 2014.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE