UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| THE ELEANORA J. DIETLEIN TRUST; *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>AMERICAN HOME MORTGAGE INVESTMENT CORP.; *et al.*, <br><br>　　　　　Defendants. | 3:11-cv-0719-LRH-VPC <br><br> ORDER |

Before the court are non-party Eric Dietlein ("Eric") and attorney Karlon J. Kidder's ("Attorney Kidder") objections to the Magistrate Judge's July 31, 2014 sanction order (Doc. #95[1]). Doc. ##99, 100.

**I.　Facts and Procedural History**

This action concerns alleged property of the family trust of Eleanora Dietlein ("the trust") and disputes among the three trust beneficiaries; Eric, William Dietlien ("William"), and Nora Dietlein Christensen ("Nora").

The underlying wrongful foreclosure action was initiated by the trust and plaintiffs Derek and Gina Neumann ("the Neumanns"). At the time the complaint was filed, Attorney Kidder

///

---

[1] Refers to the court's docket entry number.

represented all three plaintiffs and Eric appeared as the "trust representative."[2]

During the pendency of this action, it came to the court's attention that Eric had initiated the present lawsuit and engaged in settlement negotiations without the knowledge of the other trust beneficiaries, William and Nora. On May 22 and 23, 2014, the Magistrate Judge held a show cause hearing for why Eric and Attorney Kidder should not be sanctioned for misrepresentations to the court and for violating the court's rules. After the hearing, the Magistrate Judge issued the challenged order. *See* Doc. #95. In that order, the Magistrate Judge sanctioned both Eric and Attorney Kidder, jointly and severally, for all attorney's fees and costs accrued by William and Nora in prosecuting their interests in this action. *Id*. The order further referred Attorney Kidder to the State Bar of Nevada for additional disciplinary proceedings in accordance with the Magistrate Judge's findings of professional misconduct. *Id.* Thereafter, Eric and Attorney Kidder filed the present objections to the July order. Doc. ##99, 100.

**II.    Legal Standard**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Further, a district court must consider the timely objections and modify or set aside any part of an order that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). An order is not clearly erroneous if it is just maybe or probably wrong, rather an order is clearly erroneous when it is "dead wrong" and appears so on a first impression. *Alaimalo v. United States*, 645 F.3d 1042, 1060 (9th Cir. 2011).

///

///

---

[2] At the time the complaint was filed, the actual trustee of the trust was non-party Mark Chase ("Chase") who was represented by attorney Scott Brooke ("Attorney Brooke"). Neither Chase nor Attorney Brooke were aware of the complaint at the time it was filed by Attorney Kidder, nor were they aware that Eric was purporting to act as the trustee.

2

### III.  Eric Dietlein's Objection (Doc. #99)

In his objection, Eric argues that the sanction order was clearly erroneous because, as a non-party, he cannot be sanctioned. Eric's objection is without merit. The court has the inherent authority to issue sanctions over both parties and non-parties to the action based on their conduct. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 282 (9th Cir. 1996). Here, it is undisputed that Eric represented to the court that he was the trust representative in this action and then engaged in various court proceedings, including settlement negotiations, knowing that he was without authority to act as trustee. Therefore, the court shall deny Eric's objection accordingly.

### IV.  Attorney Karlon Kidder's Objections (Doc. #100)

In his separately raised objections, Attorney Kidder argues that the Magistrate Judge's order is clearly erroneous for six separate reasons: (1) failure to recuse; (2) lack of evidence to support a finding of bad faith; (3) lack of evidence to support a violation of Local Rule 4-1; (4) the reciprocal discipline rule of Local Rule 10-7 is inapplicable in this action; (5) the Magistrate Judge erred in allowing non-parties to participate in this action; and (6) the Magistrate Judge failed to hold a financial hearing before issuing the sanctions order. *See* Doc. #100. The court shall address each objection below.

#### 1.  Recusal

In February 2014, Attorney Kidder filed a motion for recusal of the Magistrate Judge. *See* Doc. #44. The Magistrate Judge denied the motion on March 7, 2014. Doc. #63. Attorney Kidder now argues that the Magistrate Judge should have recused herself in this action. *See* Doc. #100.

The court finds that Attorney Kidder's present objection to the denial of the motion for recusal is untimely. Objections to a Magistrate Judge's ruling must be filed within fourteen (14) days of the order. FED. R. CIV. P. 72(a). Here, the order was entered on March 7, 2014, but the present objection was not filed until August 14, 2014, nearly five months late. Therefore, the court shall deny this objection.

///

### 2. Bad Faith Finding

Second, Attorney Kidder argues that the Magistrate Judge improperly found his conduct sanctionable based upon 28 U.S.C. § 1927. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Attorney Kidder argues that there is no evidence to support the Magistrate Judge's finding that his conduct unreasonably multiplied the proceedings in this action sufficient to uphold a sanction for attorney's fees and costs. The court disagrees. There is sufficient evidence that Attorney Kidder acted in bad faith in bringing the underlying action to the court. In particular, the court is persuaded by the testimony of the other trust beneficiaries, William and Nora, and former trustee Chase which established that Attorney Kidder engaged in several acts of misconduct before the court including, but not limited to, drafting a complaint and filing a lawsuit on behalf of the trust without the knowledge and consent of the actual trustee; falsely asserting to the Court that Eric was the appropriate trust representative; and failing to notify the court of the existence of either the real trustee or the existence of the other trust beneficiaries. Attorney Kidder's actions have compounded the proceedings in this action and the expense of litigation by requiring the other beneficiaries to seek redress in this action. Therefore, the court finds that the Magistrate Judge's finding is supported by the evidence, and thus, is not clearly erroneous.

### 3. Local Rule IA 4-1

Attorney Kidder also argues that the Magistrate Judge improperly found him in violation of Local Rule IA 4-1. Local Rule IA 4-1 states in pertinent part that the court may "impose any and all appropriate sanctions on an attorney" who fails to comply with the court's Local Rules.

In his motion, Attorney Kidder argues that the evidence was insufficient to support a finding that he violated the court's local rules. However, the Magistrate Judge heard considerable testimony regarding Eric's employment relationship with Attorney Kidder. That evidence was

sufficient to establish that Eric was Attorney Kidder's employee at the time Eric filed the motion to enforce settlement in this case. Further, Attorney Kidder had knowledge that Eric was going to file the motion in contradiction to this court's prior orders, but did not prevent him from filing the motion or withdraw the motion while he was still participating in this action. These actions were sufficient for the Magistrate Judge to conclude that Attorney Kidder had violated Local Rule IA 4-1 by allowing a non-attorney employee to engage in the unauthorized practice of law which is a direct violation of the court's local rules.

### 4. Local Rule 10-7

Attorney Kidder further objects to the Magistrate Judge's order imposing sanctions under Local Rule 10-7. In particular, Attorney Kidder argues that he has not yet been disciplined by another court, and therefore, the reciprocal discipline rule of Local Rule 10-7 is inappropriate in this action. However, the Magistrate Judge disciplined Attorney Kidder under Local Rule 10-7(a), not Local Rule 10-7(b) (the reciprocal discipline rule). Local Rule 10-7(a) provides for discipline for violations of the attorney standards of conduct. *See* Local Rule 10-7(a) ("Any attorney who violates these standards of conduct may be disbarred, suspended from practice before this Court for a definitive time, reprimanded or subjected to such other discipline the Court deems proper. This subsection does not restrict the Court's contempt power."). Therefore, Attorney Kidder's challenge to the reciprocal discipline portion of this rule is without merit.

### 5. Non-party Participation

Attorney Kidder also contends that the Magistrate Judge improperly allowed non-parties to participate in the proceedings. In particular, Attorney Kidder argues that the Magistrate Judge allowed William to participate in this action even though he was not an initial party to this action. This issue is irrelevant to the Magistrate Judge's sanction order. The participation of William in this action does not impact Attorney Kidder's misconduct before the court.

///

///

**6. Financial Hearing**

Finally, Attorney Kidder argues that the Magistrate Judge should have held a financial hearing on his ability to pay any award of sanctions prior to the sanctions order. The court may, but is not required to consider Attorney Kidder's finances and ability to pay when considering sanctions. The Magistrate Judge's decision to issue sanctions without holding a financial hearing is not clearly erroneous. Therefore, the court finds that there is no basis to reconsider the Magistrate Judge's sanctions order, and the court shall deny these objections accordingly.

IT IS THEREFORE ORDERED that non-party's objection to Magistrate Judge's order (Doc. #99) is DENIED.

IT IS FURTHER ORDERED that former counsel's objections to the Magistrate Judge's order (Doc. #100) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE