UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE ELEANORA J. DIETLEIN TRUST, DEREK NEUMANN AND GINA NEUMANN,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MORTGAGE INVESTMENT CORP., et al.,<br><br>Defendants. | Case No.  3:11-CV-0719-LRH (VPC)<br><br>**ORDER** |

On July 31, 2014, this court found Karlon Kidder, Esq., and Eric Dietlein jointly and severally liable for attorneys' fees and costs incurred by William Dietlein and Nora Dietlein Christensen ("co-trustees") in this case for the period January 27, 2014 to June 23, 2014   (#95). The co-trustees were directed to submit a statement for attorneys' fees and costs after the District Court considered any objections that Messrs. Kidder and Eric Dietlein might file. *Id.*  On October 7, 2014, this District Court denied their objections (#104); thereafter, the co-trustees filed their statements of fees and costs (#106), supported by declarations of co-trustees' counsel (#s 108 & 110) and the co-trustees (#s 107 & 109).  Neither Mr. Kidder nor Eric Deitlein filed an opposition to these statements and declarations.

### I.    Discussion and Analysis of Attorneys' Fees

This court earlier found that Messrs. Kidder and Eric Dietlein were jointly and severally liable for the co-trustees' attorneys' fees and costs pursuant to the court's inherent authority, 28 U.S.C. § 1927, this Court's Local Rules of Practice, and the Nevada Bar's Rules of Professional Conduct. *See* Order (#95) at pages 16-20. The court now considers the co-trustees' statement of attorneys' fees and costs pursuant to Local Rule ("LR") 54-16.

Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended in the litigation. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The next step is to decide whether to increase or reduce the lodestar amount based upon the so-called *Kerr* factors not already calculated in the lodestar amount. *Id*. at 869 (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir 1988) for the relevant factors, as first provided by *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975)). The *Kerr* factors are incorporated into LR 54-16.

#### A.    Step One

The hourly rates for Gregory Wilson, Esq. and Jeffrey Einsohn, Esq., counsel for William Dietlein, are $425.00 and $225.00, respectively (#108, Ex. A). The hourly rate for Robert Herman, Esq., counsel for Nora Dietlein Christensen is $250.00 (#110, Ex. A). The court has reviewed the credentials and experience of each attorney, and it is also familiar with the role each attorneys played in this proceeding. The court finds these hourly billing rates to be reasonable based upon its understanding of prevailing market rates for legal service in this community.

Mr. Wilson's billing summary indicates he expended a total of 76.70 hours for a total of $32,597.50, and Mr. Einsohn expended a total of 130.70 hours for a total of $29,407.50 (#108, Ex. A). Mr. Herman expended 24 hours for a total of $6,000.00 (#110, Ex. A). The court has carefully reviewed the billing summaries of all three attorneys, which identify the date the work was performed, the attorney who performed the legal services, a description of the services, the

hours expended on each task, that attorney's hourly rates, and the amount charged. The court finds that the hours expended were reasonable; therefore, the court finds the attorneys' fees to be reasonable in the following amounts: 1) $32,597.50 for Mr. Wilson; 2) $29,407.50 for Mr. Einsoln; and 3) $6,000.00 for Mr. Herman.

### B.  Step Two

The next step is to decide whether to increase the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Carter*, 757 F.3d at 868 (9th Cir. 2014). The following *Kerr* factors are the relevant subsections of LR 54-16(b)(3) in this case:

(A)  The results obtained and the amount involved;

(B)  The time and labor required;

(C)  The novelty and difficulty of the questions involved;

(D)  The skill requisite to perform the legal services properly;

(H)  The time limitations imposed by the circumstances;

(I)  The experience, reputation, and ability of the attorneys; and

(J)  The undesirability of the case.

#### 1.  LR 54-16(3)(A): the results obtained and the amount involved

The co-trustees prevailed not only prevailed on their motion; in the process, they uncovered a fraud upon this court, attorney misconduct, and the unlawful practice of law. This factor weighs in favor of the co-trustees.

#### 2.  LR 54-16(3)(B) and (C): The time and labor required and difficulty of the questions involved

The work of co-trustees' counsel in this proceeding required painstaking review of the following: the trust's acquisition of the property, the relations between Eric Dietlein and the Neumanns, the relationship between Mr. Kidder and Eric Dietlein, the lack of authority to file this lawsuit, the nature of Mr. Kidder's representation of the plaintiffs, the circumstance surrounding the settlement conference and the motion to enforce the settlement agreement, and Mr. Kidder's fraudulent document production. *See* Findings of Fact, pages 4-16 (#95). The work was made even more complex by virtue trust of proceedings in state court and Eric

Dietlein's personal bankruptcy. Each of these issues required significant time and effort to understand and present evidence to the court of exactly what occurred in this case. These factors weigh in favor of the co-trustees.

### 3. LR 54-16(3)(D) and (I): The skill requisite to perform the legal services properly and the experience, reputation and ability of the attorneys

As explained in this court's July 31, 2014 order, this case – which on its face appeared fairly routine – turned into a complex action that required the skill of experienced, sophisticated real property and commercial litigators to piece together the evidence and present it cogently at an evidentiary hearing. The court notes that Mr. Wilson acted as lead counsel, but Mr. Einsohn, his associate, undertook significant work at a lower billing rate. Counsel for the co-trustees demonstrated excellent command of the facts, meticulous preparation for the show cause hearing, a keen understanding of the legal issues and the evidence, and they maintained the utmost in civility and professionalism throughout their representation of the co-trustees. These factors weigh in favor of the co-trustees.

### 4. LR 54-16(3)(H) and (J): The time limitations imposed by the circumstances and the undesirability of the case

Counsel for the co-trustees were placed under pressing time limitations, since Mr. Kidder and Eric Dietlein filed the lawsuit without the co-trustees' knowledge, and the case progressed to the point where the court believed the case had been settled. It was not until the settlement began to unravel and co-trustees' counsel had to retrace all that had occurred that they came into the case in January 2014. As a result, there were severe time limitations imposed on counsel for the co-trustees. The case itself was undesirable for that reason, but also because it required such extensive research into what led the parties to the show cause hearing in May 2014. These factors weigh in favor of the co-trustees.

The court concludes that the attorneys' fees requested are reasonable and that the *Kerr* Factors support that conclusion.

**II.     Costs**

Messrs. Wilson and Einsohn itemize $3,648.05 in support of the legal services performed on behalf of their clients. Mr. Herman made no request for reimbursement of costs.

**III.    Conclusion**

Based upon the foregoing and good cause appearing:

**IT IS ORDERED:**

The court finds that an award of attorney's fees and costs shall be awarded as follows:

A. To Gregory Wilson & Associates, PC:

| | | |
|---|---|---|
| 1. | Gregory F. Wilson, Esq. | $32,597.50 |
| 2. | Jeffrey Einsohn, Esq. | $29,407.50 |
| | Total: | $62,005.00 |

B. To Robert Herman, Esq.          $ 6,000.00

C. Costs shall be awarded to Gregory Wilson & Associates, PC in the amount of $3,648.05.

Dated: January 9, 2015.

_____
UNITED STATES MAGISTRATE JUDGE